**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**JAMES JAMISON,**
                    **Petitioner,**

**v.**                                                  **Civil Action No.: 3:18-CV-147**
                                                        **(GROH)**

**JENNIFER SAAD,**
                    **Respondent.**

**REPORT AND RECOMMENDATION**

## I.    INTRODUCTION

On September 14, 2018, James Jamison ("Petitioner"), proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his conviction, sentence, supervised release revocation and resulting twenty-four month sentence.  ECF No. 1.  On October 1, 2018, Petitioner paid the $5.00 filing fee.  ECF No. 6.

The undersigned recommends that the petition be dismissed without prejudice for the reasons explained more fully herein.  At the time Petitioner filed his petition, this Court lacked jurisdiction, because the matter was pending in the United States Court of Appeals for the Sixth Circuit.  The matter has been decided by that Court, and thus the issues raised therein are now res judicata.  Further, this Court lacks jurisdiction to consider the petition until Petitioner's later-filed § 2255 petition is resolved by the sentencing court.  Moreover, even if this Court were to substantively review the petition, Petitioner is unable to meet the legal standards to merit relief through the savings clause of 28 U.S.C. § 2255.

1

The matter is pending before this Court for an initial review and Report and Recommendation pursuant to Local Rule of Prisoner Litigation Procedure ("LR PL P") 2 and 28 U.S.C. § 1915A.

## II. FACTUAL AND PROCEDURAL HISTORY[1]

### A. Conviction and Sentence

Petitioner entered his guilty plea in the Southern District of Ohio, case number 1:14-CR-46, to one count of wire fraud in exchange for dismissal of twenty-eight other counts, all of which were related to a tax fraud scheme.  U.S.C.A. 6th Cir. 18-3418, ECF No. 49-2 at 1.  On June 13, 2016, Petitioner was sentenced to thirty-six months in prison and to three years of supervised release, with the first year to be served on home detention with electronic monitoring.  Id., ECF No. 156.  Petitioner's sentence and conviction were confirmed by the Sixth Circuit on direct appeal in that court's docket number 16-3733 on April 13, 2017.  ECF No. 170.

### B. Supervised Release

A supervised release violation was filed in November 2017, alleging a single violation.  ECF Nos. 179, 223 at 2.  An initial appearance was held on November 14, 2017, and Petitioner was released on bond pending a final hearing on the petition to revoke supervised release.  ECF No. 179.  On March 22, 2018, a final revocation hearing was scheduled before the sentencing judge.  ECF No. 223.  Prior to the final revocation

---

[1] The facts are taken from both his conviction in the Southern District of Ohio, in case number 1:14-CR-46, and his appeal, docket number 18-3418 in the United Circuit Court of Appeals for the Sixth Circuit, available on PACER.  Unless otherwise noted, the ECF entries in sections II.A., II.B. and II.C., refer to that criminal case in the Southern District of Ohio.  Philips v. Pitt Cnty. Mem. Hosp., 572 F.3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); Colonial Penn. Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

hearing, the government alleged Petitioner committed new law violations while on bond pending the final hearing for revocation of his supervised release.  ECF No. 195.  The Court found that there was probable cause to believe that Petitioner violated the conditions of his bond, revoked his bond and detained him.  Id.  The Court continued the final revocation hearing.  Id. at 21.

On April 12, 2018, Petitioner appeared for an arraignment on an amended statement of violation of supervised release and denied the charges.  ECF No. 224 at 2, 5.  A total of four violations of supervised release were charged against Petitioner.  The violations asserted new law violations as follows: (1) identify theft through fraudulent opening of a bank account under the name of Charles Flagg, in violation of 18 U.S.C. § 1028(a)(7); (2) filing of fraudulent tax return in the name of Steve Strattman, in violation of 18 U.S.C. § 1343; (3) filing of fraudulent tax return in the name of Ashley Brown, in violation of 18 U.S.C. § 1343; and (4) mail fraud through opening an online IRA account with Voya Financial, in violation of 18 U.S.C. § 1341.  Id. at 4 – 5.

On April 19, 2018, the District Court held a preliminary and final revocation hearing on the amended petition to revoke supervised release.  ECF No. 201, at 1 – 4.  The Court found Petitioner was in violation of his supervised release due to the alleged four felony offenses charged.  ECF No. 198 at 1.  Consistent with the finding that Petitioner violated his supervised release, the District Court sentenced Petitioner to twenty-four months of incarceration.  Id. at 2.  On April 25, 2018, Petitioner filed a motion to reconsider the twenty-four month sentence imposed on April 19, 2018, which motion was denied by the District Court on April 25, 2018.  ECF No. 200, Notation Order April 26, 2018.  On April 30, 2018, Petitioner filed a notice of appeal of the sentence imposed on April 19, 2018.

ECF No. 202.  During the pendency of that appeal, Petitioner filed the instant petition pursuant to § 2241.  The United States Court of Appeals for the Sixth Circuit assigned that appeal docket number 18-3418.  ECF No. 206.  On December 19, 2018, the Sixth Circuit affirmed the decision of the District Court.  ECF No. 232.  On January 24, 2019, the Sixth Circuit denied the petition for rehearing of its December 19, 2018 decision.  ECF No. 238.

### C. Post-Conviction Relief

On December 31, 2018, Petitioner filed both a pro se motion to vacate[2] under 28 U.S.C. § 2255, and a motion to amend the motion to vacate the twenty-four month sentence imposed following revocation of Petitioner's supervised release in the sentencing court.  ECF Nos. 234, 235.  On January 10, 2019, Petitioner filed another motion to amend his motion to vacate.   ECF No. 237.  These motions remain pending.

### D.    Other Proceedings

On June 15, 2018, Petitioner initiated a civil rights action pursuant to 42 U.S.C. § 1983 in the Southern District of Ohio, case number 1:18-CV-419[3].  ECF No. 1.  Petitioner amended the complaint repeatedly [ECF Nos. 3, 7, 10, 12, 17, 19, 22, 23], several of which amendments were made after the filing of a first Report and Recommendation on July 23, 2018 [ECF No. 9], a second Report and Recommendation on July 31, 2018 [ECF No. 11], and a third Report and Recommendation on August 14, 2018 [ECF No. 18].  On September 19, 2018, a fourth Report and Recommendation was filed in the case.  ECF No. 24.

---

[2]  The matter was also docketed in the Southern District of Ohio as 1:18-CV-913.

[3]  The facts in Section II.D. are from the Southern District of Ohio, case number 1:18-CV-419, available on PACER.

The fourth Report and Recommendation summarized Petitioner's argument, that:

> Following a revocation hearing, he received a twenty-four-month prison sentence for the violation. [Jamison] claims that his constitutional rights were violated because [he] 'was not ever arrested, charged, indicted, or convicted of these offenses.'

ECF No. 24 at 1 (Internal citations omitted).  The fourth Report and Recommendation finds that Jamison failed to state a claim upon which relief may be granted and that Jamison's motions for leave to file an amended complaint be denied.  Id. at 5.  The fourth Report and Recommendation also refers to the recommendation included in the third Report and Recommendation dated August 14, 2018, which finds that "[t]o the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus."  ECF No. 18 at 2.  All four Reports and Recommendations remain pending with the District Court.

### E.    Instant § 2241 Petition

Petitioner filed the instant case on September 14, 2018, while both  his § 1983 case in the Southern District of Ohio and his appeal of his supervised release revocation in the Sixth Circuit were pending.  Petitioner claims, inter alia, that:

> The district court even violated [his] presumption of innocence because these four alleged offenses [were] never proven in a court of law because [he] was never arrested or charged with any of these four offenses. . .  [Petitioner] further states he was punished by a loss of his liberty by four alleged offenses he was never arrest[ed] for[.]  . . . . [T]here was not one indictment as to any of these four alleged offenses [and] there was not one charge or a conviction as to any of these four alleged offenses. . . .

ECF No. 1 at 6 – 8.  On January 25, 2019, Petitioner filed a motion to expedite ruling on his habeas corpus petition.  ECF No. 7.

### III.   LEGAL STANDARD

**A.   Review of Petitions for Relief**

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such petitions for relief and submit findings and recommendations to the District Court. This Court is charged with screening Petitioner's case to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing Section 2254 Cases in the U.S. District Courts; see also Rule 1(b) Rules Governing Section 2254 Cases in the U.S. District Courts (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

**B.   Pro Se Litigants.**

Courts must read pro se allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972).  Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  A complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[4] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless

---

[4]  The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court

> lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

490 U.S. at 327.

### C.    Post-Conviction Remedies and Relief

Prisoners seeking to challenge the validity of their convictions or their sentences are required to proceed under § 2255 in the district court of conviction.  By contrast, a petition for writ of habeas corpus, pursuant to § 2241, is intended to address the execution of a sentence, rather than its validity, and is to be filed in the district where the prisoner is incarcerated.   "In a § 2241 petition a prisoner may seek relief from such things as the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated."   Adams v. United States, 372 F.3d 132, 135 (2d Cir. 2004).

While the terms of § 2255 expressly prohibit prisoners from challenging their convictions and sentences through a habeas corpus petition under § 2241, there is nonetheless a "savings clause" in § 2255, which allows a prisoner to challenge the validity of his conviction under § 2241, if he can demonstrate that § 2255 is "inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  The law is clearly developed, however, that relief under § 2255 is not inadequate or ineffective merely

---

shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint--(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

because relief has become unavailable under § 2255 because of a limitation bar,[5] the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal.  In re Vial, 115 F. 3d 1192, 1194 n. 5 (4th Cir. 1997).

When contesting a conviction, a petitioner bears the burden of demonstrating that the § 2255 remedy is inadequate or ineffective, and the standard is an exacting one.  In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a conviction only when all three of the following conditions are satisfied:

> (1) at the time of the conviction, the settled law of this Circuit or of the Supreme Court established the legality of the conviction;
>
> (2) subsequent to the prisoner's direct appeal and first section 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal, **and**
>
> (3) the prisoner cannot satisfy the gate-keeping provisions of section 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000) (emphasis added).

---

[5]  In 1996, the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") was enacted, establishing a one-year limitation period within which to file any federal habeas corpus motion. 28 U.S.C. § 2255. The limitation period shall run from the last of:

   a.  The date on which the judgment of conviction becomes final;
   b.  The date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
   c.  The date on which the right was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   d.  The date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Further, "[t]he text of the savings clause does not limit its scope to testing the legality of the underlying criminal conviction."  United States v. Wheeler, 886 F.3d 415, (4th Cir. 2018), reh'g en banc denied June 11, 2018 (quoting Brown v. Caraway, 719 F.3d 583, 588 (7th Cir. 2013)).   In Wheeler, the Fourth Circuit concluded that § 2255(e) provides "an avenue for prisoners to test the legality of their sentences pursuant to § 2241. . . as well as undermined convictions."  Id. at 428.  When contesting a sentence through a petition filed under § 2241, a petitioner must meet the savings clause of § 2255. In the Fourth Circuit, § 2255 is deemed to be "inadequate and ineffective" to test the legality of a sentence only when all four of the following conditions are satisfied:

> (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; **and** (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

Wheeler, supra, at 429 (emphasis added).  The Fourth Circuit further specified that a change of substantive law within the circuit, not solely in the Supreme Court, would be sufficient to satisfy the second prong of the four-part test established in Wheeler.  Id.

## IV.   ANALYSIS

In the instant petition filed pursuant to § 2241, Petitioner, through a different route, essentially seeks the same relief as that which he sought in the Sixth Circuit Court of Appeals, docket number 18-3418, where he was denied relief[6].  Petitioner

---

[6]  To the extent that the same issues presented herein were previously decided by the Sixth Circuit, those issues are res judicata.  Where there has been "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits," res judicata is established.  See Pension Ben. Guar. Corp. v. Beverley, 404 F.3d

again challenges the twenty-four month sentence which the sentencing Court in the Southern District of Ohio imposed following the revocation of Petitioner's supervised release.   Importantly, subsequent to the filing of the instant § 2241 petition, on December 31, 2018, Petitioner filed with the sentencing court a petition pursuant to § 2255 which seeks relief from the twenty-four month sentence imposed following revocation of his supervised release.

This Court lacks jurisdiction to consider Petitioner's claims herein on the merits. To the extent that Petitioner attempts to obtain relief from his resentencing[7] imposed for violating supervised release, such a motion should be brought under § 2255.  Milnes v. Samples, 861 F.2d 265 *1 (4th Cir. 1988), 1988 WL 105445, Lerma-Duenas v. Atkinson, 2013 WL 5596913, *2 (D.S.C. October 11, 2013).   Accordingly, the motion to vacate his sentence under § 2255 which Petitioner filed with the sentencing Court, appears a more appropriate vehicle to challenge the sentence.

Further, even if this Court were to review Petitioner's claims upon the merits, Petitioner is unable to demonstrate he is entitled to relief under the Jones or Wheeler

---

243, 248 (4th Cir. 2005) (quoting Jones v. S.E.C., 115 F.3d 1173, 1178 (4th Cir. 1997)).  The doctrine of res judicata precludes the assertion of a claim after a judgment on the merits in a prior suit by the same parties on the same cause of action.  See Meekins v. United Transp. Union, 946 F.2d 1054, 1057 (4th Cir. 1991) (citing Harnett v. Billman, 800 F.2d 1308, 1312 (4th Cir. 1986).  In addition, "'[n]ot only does res judicata bar claims that were raised and fully litigated, it prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'"  Id. (quoting Peugeot Motors of America, Inc. v. Eastern Auto Distributors, Inc., 892 F.2d 355, 359 (4th Cir. 1989).  Res judicata "is not a technical rule but a rule of 'fundamental and substantial justice' of public policy and private peace 'which should be cordially regarded and enforced by the courts to the end that rights once established by the final judgment of a court of competent jurisdiction shall be recognized by those who are bound by it in every way.' "  Peugeot Motors, 892 F.2d at 359 (quoting Nash Cty. Bd. of Ed. V. Biltmore Co., 640 F.2d 484, 486 (4th Cir.), cert. denied, 454 U.S. 878 (1981).

[7]  The Court notes that such imprisonment is not an additional sentence, but a resentencing due to his violation of supervised release.  Further, as recognized by the Supreme Court, for "reimprisonment as punishment for the violation of the conditions of supervised release . . . the violative conduct need not be criminal and need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt."  Johnson v. U.S., 529 U.S. 694, 700 (2000).

standards.  To merit the relief Petitioner seeks under § 2241 in regard to his challenge to his conviction for violation of supervised release, pursuant to <u>Jones</u>, he must demonstrate that the Savings Clause of § 2255 applies, and must specifically demonstrate that § 2255 is inadequate or ineffective to provide relief.  Petitioner cannot meet that standard.

The <u>Jones</u> test requires Petitioner to prove that all three parts of the three-part test apply to him.  However, he is unable to establish that he meets the second prong of the test.  Petitioner cannot demonstrate that **<u>subsequent to</u>** his direct appeal and first § 2255 motion that there was a substantive change in the law, because his § 2255 proceeding is still pending, having been filed **<u>after</u>** the instant § 2241 proceeding.  Accordingly, it is impossible for Petitioner to demonstrate any change in the law subsequent to his § 2255 proceeding, until that proceeding is completed.

In regard to Petitioner's § 2241 challenge to the twenty-four month sentence imposed for his violation of supervised release, Petitioner must meet the <u>Wheeler</u> test regarding application of the savings clause of § 2255.  Again, Petitioner is unable to demonstrate any change to substantive law which occurred **<u>subsequent to</u>** his direct appeal and first § 2255 motion, because that § 2255 proceeding was filed **<u>after</u>** the instant § 2241 petition and remains pending.

When subject-matter jurisdiction does not exist, "the only function remaining to the court is that of announcing the fact and dismissing the cause."  <u>Steel Co. v. Citizens for a Better Environment</u>, 523 U.S. 83, 118 S.Ct. 1003, 1012–16 (1998); <u>Reinbold v. Evers</u>, 187 F.3d 348, 359 n.10 (4th Cir. 1999).

## V.   RECOMMENDATION

Based on the foregoing, the undersigned recommends that Petitioner's § 2241 petition [ECF No. 1] be **DENIED and DISMISSED WITHOUT PREJUDICE**.

It is further recommended that Petitioner's motion to expedite ruling [ECF No. 7] be **TERMINATED as moot**.

Within fourteen (14) days after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge.   Objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection.   Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.  Failure to timely file objections to the Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation.   28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985);  Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

This Report and Recommendation completes the referral from the District Court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the *pro se* Petitioner by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: February 5, 2019

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE