# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**JAMES JAMISON**,

    Petitioner,

v.                                              CIVIL ACTION NO.: 3:18-CV-147
                                                                                (GROH)

**JENNIFER SAAD**,

    Respondent.

## ORDER ADOPTING REPORT AND RECOMMENDATION

Pending before the Court is the Report and Recommendation ("R&R") of United States Magistrate Judge Robert W. Trumble. ECF No. 9. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Trumble for submission of a proposed R&R. Magistrate Judge Trumble issued his R&R on February 5, 2019. In his R&R, Magistrate Judge Trumble recommends that the Petitioner's § 2241 petition [ECF No. 1] be denied and dismissed without prejudice.

## I. BACKGROUND

Upon review of the record, the Court finds that the facts as explained in the R&R accurately and succinctly describe the circumstances underlying the Petitioner's claims. The Court incorporates those facts herein. However, outlined below are the most relevant facts of this case.

James Jamison ("Petitioner") entered a guilty plea to one count of wire fraud. Thereafter, the Petitioner was sentenced to thirty-six months in prison and to three years of supervised release. A supervised release violation was filed in November of

2017. While awaiting his final revocation hearing, the Petitioner committed new violations. On April 19, 2018, the District Court found the Petitioner had violated his supervised release and sentenced him to twenty-four months of incarceration. On December 19, 2018, the United States Court of Appeals for the Sixth Circuit affirmed the District Court's decision and subsequently denied rehearing. On June 15, 2018, the Petitioner filed a civil rights action pursuant to 42 U.S.C. § 1983 in the Southern District of Ohio. On December 31, 2018, the Petitioner filed a *pro se* motion to vacate pursuant to 28 U.S.C. § 2255. The motion to vacate and civil rights action both remain pending in the Southern District of Ohio.

On September 14, 2018, while his appeal before the United States Court of Appeals for the Sixth Circuit and § 1983 claim in the Southern District of Ohio were pending, the Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. In his petition, the Petitioner alleged he was "wrongfully imprisoned" for violating the terms of his supervised release because he was never arrested, charged, indicted or convicted of the four alleged violations of his supervised release. The Petitioner requested immediate release from his unlawful imprisonment. On January 25, 2019, the Petitioner filed a motion to expedite ruling on his habeas corpus petition. ECF No. 7.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the

2

findings or recommendation to which no objections are addressed.  Thomas v. Arn, 474 U.S. 140, 150 (1985).  Further, failure to file timely objections constitutes a waiver of *de novo* review and the Petitioner's right to appeal this Court's Order.  28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir.1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.1984).  Pursuant to this Court's local rules, "written objections shall identify each portion of the magistrate judge's recommended disposition that is being challenged and shall specify the basis for each objection."  LR PL P 12(b).  The local rules also prohibit objections that "exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation."  LR PL P 12(d).

Moreover, "[w]hen a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary."  Green v. Rubenstein, 644 F. Supp. 2d 723, 730 (S.D. W. Va. 2009) (citing Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review."  Williams v. New York State Div. of Parole, No. 9:10-CV-1533 (GTS/DEP), 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).  Courts have also held that when a party's objection lacks adequate specificity, the party waives that objection. See Mario v. P & C Food Markets, Inc., 313 F.3d 758, 766 (2d Cir. 2002) (finding that even though a party filed objections to the magistrate judge's R&R, they were not specific enough to preserve the claim for review).  Bare statements "devoid of any reference to specific findings or recommendations . . . and unsupported by legal

3

authority, [are] not sufficient." Mario 313 F.3d at 766. Finally, the Fourth Circuit has long held, "[a]bsent objection, we do not believe that any explanation need be given for adopting [an R&R]." Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983) (finding that without an objection, no explanation whatsoever is required of the district court when adopting an R&R).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The Petitioner accepted service on February 11, 2019. ECF No. 10. On February 19, 2019, the Petitioner filed a motion to amend his petition. ECF No. 11. On February 25, 2019, the Petitioner timely filed objections to the R&R. The same day, a proposed amended petition was filed on the docket. ECF No. 13. This Court will review the Petitioner's objections to the R&R *de novo*. The remainder of the R&R will be reviewed for clear error.

### III. DISCUSSION

Magistrate Judge Trumble recommends denying and dismissing the petition without prejudice for lack of subject-matter jurisdiction. Magistrate Judge Trumble found the relief sought is essentially the same relief sought and denied in the Petitioner's direct appeal. The magistrate judge further found this Court lacks jurisdiction to consider the petition until the Petitioner's § 2255 petition is resolved by the sentencing court. Moreover, the Petitioner is unable to seek relief by filing a § 2241 petition because he cannot demonstrate that subsequent to his direct appeal and first § 2255 motion, there was a substantive change in law.

In the Petitioner's objection he argues "that the magistrate judge in the [Sixth] [C]ircuit as to the petitioner['s] petition [under] 42 U.S.C. [§] 1983 instructed the petitioner to file a petition of 28 U.S.C. [§] 2241 and that's what the petitioner did." ECF No. 12 at 5. The Petitioner's objection appears to be referring to the third R&R of the magistrate judge in the Southern District of Ohio. This R&R is currently pending in the Petitioner's § 1983 action. In the R&R the Petitioner is referring to, the magistrate judge in the Southern District of Ohio found that "[t]o the extent plaintiff seeks relief in the form of an immediate or speedier release from imprisonment, his sole federal remedy is a petition for writ of habeas corpus." ECF No. 9 at 5.

"Habeas petitions are usually filed under § 2255 in the court that imposed the prisoner's sentence." United States v. Poole, 531 F.3d 263, 270 (4th Cir. 2008) (internal citations omitted). "If a prisoner is authorized to apply for relief under § 2255[1], an application for a writ of habeas corpus under § 2241 will not be entertained unless the § 2255 motion is 'inadequate or ineffective to test the legality of [the petitioner's] detention.'" Milnes v. Samples, 861 F.2d 265 *2 (4th Cir. 1998) (table opinion) (citations omitted). A motion to vacate pursuant to

> § 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

---

[1] The Petitioner is seeking to challenge his twenty-four month sentence imposed for violating the terms of his supervised release. The Fourth Circuit has "previously held that a § 2255 application may be used to challenge a sentence imposed after revocation of probation" and, therefore, is additionally appropriate to challenge a sentence imposed after revocation of supervised release. Milnes v. Samples, 861 F.2d 265 * 2 (4th Cir. 1988) (table opinion) ("upon a challenge to probation revocation, the court whose proceedings are being attacked should be given the first opportunity to correct its own errors").

5

In re Jones, 226 F.3d 328, 333-334 (4th Cir. 2000). A motion to vacate pursuant to

> § 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

United States v. Wheeler, 886 F.3d 415, 429 (4th Cir. 2018), *reh'g en banc denied* June 11, 2018.

The Petitioner currently has a § 2255 motion to vacate pending in the Southern District of Ohio. The Petitioner cannot show that a motion to vacate pursuant to § 2255 is inadequate or ineffective to challenge the sentence imposed for violating his supervised release. This Court lacks jurisdiction to consider the Petitioner's claims. Accordingly, this objection is without merit and is hereby **OVERRULED**.

The Petitioner filed a Motion to Amend Petition and Proposed Amended Petition after the magistrate judge entered his R&R. The Petitioner's Motion to Amend Petition states essentially the same relief previously sought in the original petition. This Court does not find allowing the Petitioner to amend his petition would change the Court's analysis. Accordingly, the Petitioner's Motion to Amend Petition [ECF No. 11] is hereby **DENIED**. The Petitioner's Proposed Amended Petition seeks relief on an entirely separate basis. In his Proposed Amended Petition, the Petitioner requests release to an emergency halfway house or home confinement based on medical issues he has incurred while incarcerated. If the Petitioner wishes to seek relief regarding the conditions of his confinement he should file a complaint pursuant to 42 U.S.C. § 1983.

Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). A writ of habeas corpus is appropriate to attack the fact or length of sentence, but generally not the conditions of confinement. Id. at 499-500. Accordingly, the Petitioner's Proposed Amended Petition [ECF No. 13] is hereby **DENIED**.

IV. CONCLUSION

Accordingly, finding that Magistrate Judge Trumble's R&R carefully considers the record and applies the appropriate legal analysis, it is the opinion of this Court that Magistrate Judge Trumble's Report and Recommendation [ECF No. 9] should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein.

Thus, the Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 is **DENIED and DISMISSED WITHOUT PREJUDICE**. For the reasons stated above, the Petitioner's Motion to Amend Petition [ECF No. 11] and Proposed Amended Petition [ECF No. 13] are **DENIED**. Further, the Petitioner's motion to expedite ruling [ECF No. 7] is **DENIED AS MOOT**.

This matter is **ORDERED STRICKEN** from the Court's active docket. The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Petitioner by certified mail, return receipt requested, at his last known address as reflected on the docket sheet.

**DATED:** March 25, 2019

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE